IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND
Civil Division

MARILYN THOMPSON
6304 Capon Street
Seat Pleasant, MD 20743

    Plaintiff,

v.

CAL17-28265

Case No.:

DOLLAR TREE STORES, INC.
10488 Campus Way South
Largo, MD 20774
**SERVE ON:**
CSC – Lawyers Incorporating Service Company
7 St. Paul Street,
Suite 820
Baltimore, MD 21202

    Defendant.

## Complaint

(Negligence, Negligent Hiring, Training, Retention and Supervision)

### I. INTRODUCTION

Plaintiff, Marilyn Thompson, by and through counsel Michael D. Reiter, Benjamin T. Boscolo and **CHASENBOSCOLO, INJURY LAWYERS**, brings this cause of action against defendant Dollar Tree Stores, Inc. for damages resulting from a fall which occurred as a result of Defendant's negligence.

### II. JURISDICTION

1. This Court's subject matter jurisdiction over this action is based on Md. Cts. & Jud. Proc. Code Ann. Section 1-501.

2. This Court's personal jurisdiction in this action is based on Md. Cts. & Jud. Proc. Code Ann. Section 6-103(b)(3).

3. Venue is properly vested in this Court pursuant to Md. Cts. & Jud. Proc. Code Ann. Section 6-201(a) and (b).

## III. PARTIES

4. Plaintiff, Marilyn Thompson (hereinafter "Ms. Thompson"), is an adult female resident of Seat Pleasant, a town located in Prince George's County in the State of Maryland.

5. Upon information and belief, Defendant Dollar Tree Stores, Inc. (hereinafter "Defendant") is a corporation that regularly conducts business in and around the State of Maryland including Prince George's County, Maryland.

## IV. STATEMENT OF FACTS

6. On or about December 18, 2014, Ms. Thompson, an invitee, was a customer of the Dollar Tree Stores, Inc. located at 10488 Campus Way South, Largo Maryland 20774 (hereinafter the "premises").

7. At that time, one of the shopping aisles at the premises had boxes that Defendant failed to remove from the floor of the aisle, creating a tripping hazard.

8. There were no warning signs nor announcements made to alert customers of the tripping hazard created by the boxes, which caused dangerous and hazardous conditions for everyone on the premises.

9. As Ms. Thompson was walking down one of the shopping aisles on the premises, she fell over the boxes that Defendant had failed to remove causing her severe and permanent injuries.

10. The Defendant knew or should have known that the floors were cluttered with boxes and impeded customers' movement and ability to move safely around the store causing a tripping hazard, as Defendant had control over inspecting and clearing the aisles and keeping the aisles and floors free of tripping hazards.

11. The Defendant allowed the boxes to accumulate in the aisle and create a tripping hazard, making it dangerous for customers to walk through the aisles of the store.

12. The Defendant failed to place any warning signs or making any announcements to alert customers that the aisle was not free of tripping hazards.

13. At the time of the incident, Defendant, its agents, servants and employees, owed Ms. Marilyn Thompson, an invitee, and everyone on its premises a duty to use reasonable care to see that the portions of the premises that invitees may use are kept safe.

14. Defendant had the duty to have proper staffing to protect everyone on its premises from being injured.

15. Defendant had the duty to properly inspect its premises to protect everyone on its premises from being injured.

16. Defendant had the duty to promptly clear the aisles of its premises of boxes and other tripping hazards to protect everyone on its premises from being injured.

17. Defendant had the duty to have visible warning signs or make announcements of dangerous conditions, such as tripping hazards to protect everyone on its premises from being injured.

18. Defendant had the duty to clear its ailses of boxes and other tripping hazards and dangerous conditions to protect everyone on its premises from being injured.

19. Defendant had the duty, in general, to be reasonably careful in the choices it made about maintaining its premises to protect everyone on the premises from being injured.

20. Defendant had the duty, in general, to be reasonably careful in displaying warnings about dangerous and/or defective conditions or tripping hazards of which it was aware or had reason to know of to protect everyone on its premises from being injured.

21. Defendant had the duty to repair or replace any dangerous and/or defective conditions, or tripping hazards on its premises to protect everyone on its premises from being injured.

22. Defendant had the duty to properly train its employees to protect everyone on the premises from being injured.

23. Defendant had the duty to properly supervise its employees to protect everyone on its premises from being injured.

24. Defendant had the duty to hire safe, qualified employees to protect everyone on the premises from being injured.
25. Defendant had the duty to only retain safe, qualified employees to protect everyone on the premises from being injured.
26. Defendant had the duty to block the shopping aisle off from customer traffic to allow time to clear the aisle from tripping hazards and other dangerous conditions to protect everyone on the premises from being injured.
27. Defendant breached these duties by failing to use reasonable care to see that the portions of the premises that invitees may use are kept safe.
28. Defendant breached these duties by choosing not to have proper staffing to protect everyone on its premises from being injured.
29. Defendant breached these duties by choosing not to properly inspect its premises to protect everyone on the premises from being injured.
30. Defendant breached these duties by choosing not to promptly clear the aisles of its premises of boxes and other tripping hazards and other dangerous conditions to protect everyone on its premises from being injured.
31. Defendant breached these duties by choosing not to have visible warning signs or make announcements of tripping hazards or other dangerous conditions to protect everyone on its premises from being injured.
32. Defendant breached these duties by choosing not to promptly clear its aisles of boxes and other tripping hazards and dangerous conditions to protect everyone on its premises from being injured.
33. Defendant breached these duties by choosing not to be reasonably careful in the choices it made about maintaining its premises to protect everyone on the premises from being injured.
34. Defendant breached these duties by choosing not to be reasonably careful in displaying warnings about dangerous and/or defective conditions or tripping hazards of which it was aware or had reason to know of to protect everyone on its premises from being injured.

35. Defendant breached these duties by choosing not to repair or replace any dangerous and/or defective conditions or tripping hazards on its premises to protect everyone on its premises from being injured.
36. Defendant breached these duties by choosing not to properly train its employees to protect everyone on the premises from being injured.
37. Defendant breached these duties by choosing not to properly supervise its employees to protect everyone on the premises from being injured.
38. Defendant breached these duties by choosing not to hire safe, qualified employees to protect everyone on the premises from being injured.
39. Defendant breached these duties by choosing not to only retain safe, qualified employees to protect everyone on the premises from being injured.
40. Defendant breached these duties by choosing not to to block the shopping aisle off from customer traffic to allow time to clear the aisle from boxes and other tripping hazards and other dangerous conditions to protect everyone on the premises from being injured.
41. As a direct and proximate result of the conduct of the Defendant's negligence, Ms. Thompson suffered severe, permanent, and uncompensated harms and losses. These harms and losses include past, present, and future pain, suffering, immobility and disfigurement. These harms and losses caused and continue to cause Ms. Thompson to expend great sums of money for hospitals, physicians, and related care and treatment. Mr. Thompson suffered and continues to suffer from mental and emotional harms and losses, including isolation, loss of mobility, anger, humiliation, fright, and anguish.
42. Ms. Thompson neither contributed to the violation of the safety rules which caused this fall nor assumed the risk of the injuries sustained.

## IV. STATEMENT OF CLAIMS

### COUNT I
(Negligence)

43. Plaintiff, Marilyn Thompson, incorporates the allegations of paragraphs one through forty- two above and, in addition, avers that the violation of safety rules by Defendant

Dollar Tree Stores, Inc. caused harm to Ms. Marilyn Thompson and constitutes a failure to be reasonably careful, allowing for monetary damages.

## COUNT II
(Negligent Hiring, Training, Retention and Supervision)

44. Plaintiff, Marilyn Thompson, incorporates the allegations of paragraphs one through forty- three above and, in addition, avers that the negligent hiring, training, retention and supervision of its employees/agents by Defendant Dollar Tree Stores, Inc. caused harm to Ms. Marilyn Thompson and constitutes a failure to be reasonably careful, allowing for monetary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marilyn Thompson prays for a judgment in her favor against the Defendants, jointly and severally, and that damages be awarded in an amount in excess of $75,000.00, plus interest from the date of the subject occurrence and costs of this suit together with such other and further relief as this Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein.

Respectfully submitted,

CHASENBOSCOLO, INJURY LAWYERS

By: *Michael D. Reiter/NAC*

Michael D. Reiter
E-Mail: MReiter@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
Telephone: (301) 220-0050
Facsimile: (301) 474-1230
*Attorney for Marilyn Thompson*

By: *Benjamin T. Boscolo* /NAL
Benjamin T. Boscolo
E-Mail: BBoscolo@chasenboscolo.com
7852 Walker Drive, Suite 300
Greenbelt, MD 20770
Telephone: (301) 220-0050
Facsimile: (301) 474-1230
*Attorney for Marilyn Thompson*