# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **MARILYN THOMPSON,** | * |
| **Plaintiff,** | * |
| v. | *   Case No.: PWG-17-3727 |
| **DOLLAR TREE STORES, INC.,** *et al.*, | * |
| | * |
| **Defendants.** | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On December 18, 2014, Plaintiff Marilyn Thompson tripped over boxes in a store owned by Defendant Dollar Tree Stores, Inc. ("Dollar Tree"), allegedly causing her severe and permanent injuries. On October 12,[1] 2017, she filed a complaint against Dollar Tree in the Circuit Court for Prince George's County, and Dollar Tree removed the case to this Court on December 18, 2017. ECF No. 1. Plaintiff filed an Amended Complaint on February 15, 2018, adding Defendant American Greetings Corporations ("American Greetings").[2] Am. Compl., ECF No. 17.

Before the Court is American Greetings' Motion to Dismiss, or in the Alternative, for Summary Judgment. Def.'s Mot., ECF No. 31.[3] Because the claim against American Greetings

---

[1] Plaintiff states that she filed her complaint on October 6, 2017, Pl.'s Opp'n 2, ECF No. 32, but the original complaint was stamped by the Clerk of the Circuit Court on October 12, 2017, Compl. 1, ECF No. 2. I will use the October 12, 2017 date, which affords Plaintiff more time for purposes of determining relation back under Fed. R. Civ. P. 15(c).

[2] I granted leave to amend during a January 22, 2018 conference call. ECF No. 16.

[3] The parties fully briefed the motion. ECF Nos. 31-1, 31-2, 32, 33. A hearing is not necessary. *See* Loc. R. 105.6.

does not relate back to the original complaint under Federal Rule of Civil Procedure 15(c), I will grant American Greetings' Motion, treated as a Motion to Dismiss.

## Background

Thompson filed suit against Dollar Tree on October 12, 2017, claiming that, on December 18, 2014, she tripped over boxes that "Defendant failed to remove from the floor of the aisle" in its Largo, Maryland store. Compl. ¶¶ 6–7, 9. Dollar Tree removed the case to this Court on December 18, 2017. ECF No. 1. During a Fed. R. Civ. P. 16 conference call on January 22, 2018, Thompson sought leave to amend her pleading to add American Greetings as a defendant, and I permitted her to do so. ECF No. 16. She filed her Amended Complaint on February 15, 2018, naming both Dollar Tree and American Greetings as Defendants and alleging that on December 18, 2014 "one of the shopping aisles at [Dollar Tree's Largo, Maryland store] had boxes that Defendant Dollar Tree and/or Defendant American Greetings failed to remove from the floor of the aisle, creating a tripping hazard" that caused her to trip and fall. Am. Compl. ¶¶ 7–8, 10. She served American Greetings on March 22, 2018. ECF No. 22.

## Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB–12–1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see also CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). However, if the Court considers matters outside the pleadings, the Court must treat the motion as a motion for summary judgment. Fed. R. Civ. P. 12(d); *Syncrude Canada Ltd. v. Highland Consulting Grp., Inc.*, No. RDB–12–318, 2013 WL 139194, at *2 (D. Md. Jan. 10, 2013). Because American Greetings' Motion can be resolved on the pleadings alone, I will treat it as a Motion to Dismiss.

## Discussion

It is undisputed that Thompson's cause of action accrued on December 18, 2014, the date of the alleged injury. The parties agree that she had until December 18, 2017 to file suit against any defendant. Def.'s Mem. 2 ("Maryland's three-year statute of limitations for Plaintiff's claims ran on December 18, 2017."); Pl.'s Opp'n 5 ("Maryland law on a statute of limitations issue applies in a diversity action."); *see also* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (three-year statute of limitations for a negligence action). Plaintiff filed a timely lawsuit against Dollar Tree on October

3

12, 2017, and Dollar Tree removed the case to this Court on December 18, 2017. Thompson then filed her Amended Complaint, adding Defendant American Greetings, on February 15, 2018, almost two months after the statute of limitations had expired. Am. Compl. 1. Of course, under both federal and Maryland law, if an amendment "relates back to the date of the original pleading," then it also is timely. Fed. R. Civ. P. 15(c); *see Nam v. Montgomery Cty.*, 732 A.2d 356, 364 (Md. Ct. Spec. App. 1999) ("Maryland recognizes the doctrine of 'relating back.'"). Therefore, the issue before the Court is whether the claim against American Greetings "relates back" to the date of the initial Complaint.

Preliminarily, the parties dispute whether federal or Maryland law applies. American Greetings analyzes the issue under Federal Rule of Civil Procedure 15(c). Def.'s Mem. 4. Thompson argues that Maryland law applies, stating that "[f]ederal law 'governs the relation back of amendments and controls' only in the fact [sic] of conflicting and <u>less generous</u> state law." Pl.'s Opp'n 5 (quoting *Federal Leasing Co. v. Amperif*, 840 F. Supp. 1068, 1071 (D. Md. 1993)). In Thompson's view, Maryland law is more generous, as "a plaintiff need only show that[] ' . . . the operative factual situation remains essentially the same . . . .'" *Id*. (quoting *Gardner v. State*, 549 A.2d 1171, 1178 (Md. Ct. Spec. App. 1988) (emphasis removed)). It is true that, under Maryland law, "[t]he doctrine of relation back provides that if the factual situation remains essentially the same after the amendment as it was before it, the doctrine of relation back applies and the amended cause of action is not barred by limitations." *Nam*, 732 A.2d at 364. Thus, "if an amendment merely corrects the name of an original party, as opposed to adding a new party, the doctrine is applicable." *Id.* But, under Maryland law, "if a new defendant is added, the doctrine of relation back does not apply." *Id.*

4

This law is less generous than Fed. R. Civ. P. 15(c). *See Youmans v. Douron, Inc.*, 65 A.3d 185, 194–95 (Md. Ct. Spec. App. 2013) ("The Maryland Rules of Civil Procedure, unlike the Federal Rules, lack an express provision governing the relation back of amendments to prior pleadings. But Maryland courts do, nonetheless, recognize and apply such a precept, though it is narrower in scope than its federal counterpart.") (internal quotation marks and citations omitted). Indeed, in *Federal Leasing Co.*, which Thompson cites, this Court applied federal procedural law, not Maryland procedural law, for that very reason. 840 F. Supp. at 1071–72 & n.5. Thus, the federal rule applies. *See id.*

In particular, Rule 15(c)(1)(C) applies because the amendment introduces a new party. *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 544–46 (2010) (applying Rule 15(c)(1)(C) where plaintiff "moved to amend her complaint to *add* Costa Crociere as a defendant," not change the defendant from Costa Cruise, the original defendant, to Costa Crociere) (emphasis added). It provides:

> An amendment to a pleading relates back to the date of the original pleading when
> . . .
> The amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1)(C).

Accordingly, Plaintiff must meet three requirements. First, the Amended Complaint must assert "a claim or defense that arose out of the conduct, transaction, or occurrence set out—or

5

attempted to be set out—in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). This requirement is clearly satisfied and not in contention. Def.'s Mem. 4.; *see* Pl.'s Opp'n.

Second, "within 90 days after the complaint is filed," Fed. R. Civ. P. 4(m), American Greetings must have received "such notice of the action that it will not be prejudiced in defending on the merits," Fed. R. Civ. P. 15(c)(1)(C)(i). The parties disagree as to whether the 90-day period began on October 12, 2017, when the original complaint was filed in state court (Defendant's position), Def.'s Mem. 5, or December 18, 2017, the date of removal to federal court (Plaintiff's position).[4]

Typically, "[i]n removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court." 4B Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1137 (4th ed. 2015); *Brower v. AT&T Mobility Servs., LLC*, No. RDB-18-2207, 2018 WL 4854168, at *3 (D. Md. Oct. 5, 2018) (Bennett, J.) (quoting Wright & Miller § 1137). Yet, in two earlier cases that, unlike *Brower*, dealt specifically with limitations under Rule 15(c), Judge Bennett used the date of filing of the original complaint in state court, not the date of removal, to determine whether notice under Rule 15(c) was timely. *See Alloways v. Multiserv North America*, No. RDB–10–03372, 2012 WL 346468, at *3, n.4 (D. Md. Feb. 1, 2012); *McDaniel v. Maryland*, No. RDB–10–00189, 2010 WL 3260007, at *5 (D. Md. Aug. 18, 2010). Given that Judge Bennett's more recent decision in *Brower* noted that the 90-day period begins to run upon removal and that there is no case law or advisory committee note providing for an exception for Rule 15(c) purposes, I find that the 90-day period begins upon

---

[4] Plaintiff states that only 4 days separate "the end of the 90 day time-frame and service of the amended complaint [March 22, 2018]." Pl.'s Opp'n 11. Thus, the Court understands that Plaintiff used the date of removal to federal court, December 18, 2017, to calculate the Rule 4(m) 90 day period.

6

removal to this Court in the Rule 15(c) context as well. In any event, even though Defendant's March 22, 2018 notice occurred closer to the Rule 15 deadline if the date of removal is used, making the deadline March 19, 2018 instead of January 10, 2018, Defendant still did not receive timely notice based on the March 22, 2018 notice under either calculation. Thus, Defendant did not receive any notice of the action within the 90-day period, and therefore the second criterion of Rule 15(c)(1)(C) is not satisfied.

Plaintiff insists that a February 7, 2016 letter sent to American Greetings by Dollar Tree "should serve as more than sufficient notice of the *impending* claim." Pl.'s Opp'n 9 (emphasis added). American Greetings concedes that it received this "letter sent by an adjusting company on behalf of Dollar Tree Stores on February 7, 2006," but argues that "it heard nothing further, and knew nothing about the lawsuit filed on October 12, 2017 until it was served with an Amended Complaint on March 22, 2018 . . . ." Def.'s Mem. 7.

By its plain text, Rule 15(c)(1)(C)(i) requires "notice of *the action*," rather than notice of an impending or potential action. Fed. R. Civ. P. 15(c)(1)(C)(i) (emphasis added). Indeed, the Rule used to require "notice of the 'institution' of the action," and when the 2007 Amendment "omit[ted] the reference to 'institution' as potentially confusing," the Advisory Committee explained that "[w]hat counts is that the party to be brought in have notice of the *existence* of the action, whether or not the notice includes details as to its 'institution.'" Advisory Comm. Note to 2007 Am. to Fed. R. Civ. P. 15(c) (emphasis added). Thus, notice of a possible claim does not provide notice of the actual litigation, as Rule 15(c)(1)(C)(i) requires. *See id.*; Fed. R. Civ. P. 15(c)(1)(C)(i); *see also White v. Date Trucking, LLC*, No. ELH-17-1177, 2018 WL 999963, at *2–3 (D. Md. Feb. 21, 2018) ("[T]he defendant must have received notice of *the action* . . .") (emphasis added); *Girau v. Europower, Inc.*, 317 F.R.D. 414, 422 (S.D.N.Y. 2016) ("[Plaintiff]

7

confuses knowledge of *potential liability* with the necessary prerequisite- that [added defendants] knew or should have known about the *litigation*.") (emphasis added). Thus, American Greetings' receipt of notice of a *potential* claim on February 7, 2016 does not satisfy Rule 15(c)(1)(C)(i).

Additionally, as to the third requirement, because American Greetings failed to receive notice of the action within the Rule 4(m) period, it could not have known, nor should it "have known that the action would have been brought against it, but for a mistake concerning the proper party's identity," Fed. R. Civ. P. 15(c)(1)(C)(ii). *See Girau*, 317 F.R.D. at 422 (noting that the knowledge requirement of Rule 15(c) can never be met where a defendant lacks notice of the lawsuit).

Thompson argues in the alternative that the delay was "brief" (basing the delay on a March 18, 2018 deadline,[5] four days before American Greetings undisputedly received notice of the action against it on March 22, 2018) and will not prejudice American Greetings, and that "good cause" exists for permitting the amendment despite the delay. Pl.'s Opp'n 9–11. Preliminarily, I note that whether "good cause" exists for *amendment* is not at issue, as I already found good cause to permit the amendment, ECF No. 16. Certainly, "good cause" is a consideration under Rule 4(m) as well, as the service rule provides that "if the plaintiff shows good cause for the failure [to effect service within 90 days after the complaint is filed], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). And, as best I can discern, Plaintiff believes that, by application of this "good cause" exception to Rule 4(m), she has satisfied the limitations period set by Fed. R. Civ. P. 15(c)(1)(C)(i). *See* Pl.'s Opp'n 9.

---

[5] March 18, 2018 was a Sunday and therefore the deadline, based on the date of removal of the case, was March 19, 2018.

But, it is not clear that the "good cause" exception to Rule 4(m) applies to the Rule 15(c) relation back analysis. In any event, Thompson has not shown good cause. The circumstances have changed since Plaintiff sought to amend, at which time the 90 days had not yet run and she could have effected service within the 90 days or sought an extension. But now, the 90 days have run and Plaintiff effected service outside that window. Notably, she knew of American Greeting's identity by February 14, 2018 (and arguably could have ascertained its identity as early as January 22, 2018, at which time she was given the incorrect name of "American General"), *see* Pl.'s Opp'n 2, yet she failed to effect service until March 22, 2018, without providing any justification for the failure. *See Shilling v. Thomas*, No. PWG-16-2696, 2017 WL 1035854, at *5 (D. Md. Mar. 16, 2017) (noting that "good cause" requires a showing that the plaintiff "exercised ' reasonable diligence in trying to effect service'" (quoting *Gbane v. Capital One, NA*, No. PX-16-701, 2016 WL 3541281, at *1 (D. Md. June 29, 2016))); *Tenenbaum v. PNC Bank Nat'l Ass'n*, No. DKC-10-2215, 2011 WL 2038550, at *4 (D. Md. May 24, 2011) (stating that "good cause" requires a showing that "the plaintiff has 'taken some affirmative action to effectuate service of process upon the defendant or ha[s] been prohibited, through no fault of his own, from taking such an affirmative action'" (quoting *Vincent v. Reynolds Mem'l Hosp., Inc.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992))). Nor did she seek an extension of time before the Rule 4(m) period ended, which weighs against a finding of good cause. *See Jonas v. Citibank*, 414 F. Supp. 2d 411, 416 (S.D.N.Y. 2006) ("A plaintiff's failure to seek an extension of time undermines the defense of good cause.").

Moreover, despite the brevity of the delay and even if it did not cause prejudice, Thompson cannot show that the action would have been brought against American Greetings initially "but for a mistake concerning the proper party's identity." *See* Fed. R. Civ. P. 15(c)(1)(C)(ii). Notably, "although Rule 15(c) 'speaks broadly of a "mistake concerning the identity of the proper party,"'

the Fourth Circuit has, 'in analyzing the scope of this rule, distinguished between mistake due to lack of knowledge and mistake due to a misnomer.'" *Daniels v. Carter-Jones Lumber Co.*, No. ELH-17-982, 2017 WL 5495959, at *4 (D. Md. Nov. 16, 2017) (quoting *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366 (4th Cir. 2006)). The Fourth Circuit does not "view[] lack of knowledge of the proper party to be sued as a 'mistake' as that term is used" in Rule 15(c). *Id.* (quoting *Locklear*, 457 F.3d at 366).

Thompson asserts that she did not know that American Greetings could be liable until Dollar Tree told her that it "believed that there was another entity, identified at the time as American General, but later clarified to be American Greetings Corporation, who might have had some involvement in the case with respect to leaving out the boxes that caused Ms. Thompson to fall." Pl.'s Opp'n 2. According to Thompson, Dollar Tree did not provide this information to her "until immediately prior to the Rule 16 Telephone Conference Call on January 22, 2018," and "[i]t was then not until February 14, 2018 that Defendant Dollar Tree informed Ms. Thompson via email that a couple days after the accident Dollar Tree sent a letter to: American Greetings . . . advising them of Ms. Thompson's claim and the fact that their employee allegedly left a box on the floor about 10 minutes before the incident." *Id.* She insists that she acted promptly, filing her Amended Complaint the next day. *Id.* at 2–3. According to Thompson, she "had no way of knowing of American Greetings [sic] potential involvement prior to being informed by Defendant Dollar Tree." *Id*. at 10. But, Thompson's failure to identify American Greetings as a defendant stemmed from a lack of knowledge, not a misnomer, and therefore does not qualify as the kind of "mistake" that allows relation back under Rule 15(c). *See Locklear*, 457 F.3d at 366; *Daniels*, 2017 WL 5495959, at *4; *see also Goodman v. Praxair Inc.*, 494 F.3d 458, 472–73 (4th Cir. 2007) ("[W]hen a person would reasonably believe that the time for filing suit had expired, without

10

having been given notice that it should have been named in an existing action, that person is entitled to repose. . . . The mandate remains that a plaintiff has the burden of locating and suing the proper defendant within the applicable limitations period.").

Accordingly, because the claim in the Amended Complaint against American Greeting does not relate back to the date of the initial complaint under Fed. R. Civ. P. 15(c), Defendant American Greetings' Motion to Dismiss is GRANTED.

## **ORDER**

For the reasons stated in this Memorandum Opinion, it is, this 1st day of February, 2019, hereby ORDERED that

1. American Greetings Corporation's Motion to Dismiss, ECF No. 31, IS GRANTED; and

2. The claim against American Greetings Corporation IS DISMISSED.

_____/S/_____
Paul W. Grimm
United States District Judge


sam